IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jan Tomlin,                              :

        Plaintiff                :        Civil Action 2:12-cv-262

  v.                                    :        Judge Sargus

Ohio Dep't of Rehabilitation &            :        Magistrate Judge Abel
Corrections,
                                         :
        Defendant
                                         :

**REPORT AND RECOMMENDATION**


Plaintiff filed this action on March 26, 2012. He attached to his complaint a motion for a preliminary injunction and temporary restraining order, stating:

> Plaintiff and inmate Daniel Dobbies were given an institutional separation and therefore not allowed around each other. On March 8, 2012 plaintiff and inmate Dobbies were both transferred from [Mansfield Correctional Institution] to [Trumbull Correctional Institution] on the same transport van. Inmate Dobbies headbutted and spit on the plaintiff and threatened to attack plaintiff "on sight". Plaintiff was placed in segregation on March 9, 2012 but was told he would be returned to T.C.I. population where inmate Dobbies currently still is. Plaintiff is in imminent danger of serious physical injury.

(Doc. 2 at 4.) In his complaint, Plaintiff requested as relief an immediate transfer to Ross Correctional Institution, "expungment of my prison institutional record", $15,000 in compensatory damages, $10,000 in punitive damages, and any other relief the Court deemed appropriate. (Doc. 1 at 6.)

1

The Court directed Defendant to file a response to Plaintiff's request for injunctive relief. On March 29, 2012 Defendant filed a response stating that Plaintiff's request was moot, as he was scheduled to be transferred out of Trumbull Correctional Institution on April 3, 2011. (Doc. 6 at 3.) On April 5, 2012, Defendant filed a supplemental notice that Plaintiff had been transferred as scheduled to the Lebanon Correctional Institution. (Doc. 7 at 1.) It attached a printout from the Ohio offender search database website, which indicated on its face that Plaintiff was now incarcerated at LCI.

On April 9, 2012, the Court ordered Plaintiff to show cause why, if he had been transferred out of Trumbull Correctional Institution and away from inmate Dobies as he requested, the claim set forth in his complaint is not now moot. (Doc. 10.) On April 26, 2012, Plaintiff filed a response, in which he reiterated the allegations in his complaint and commented that Defendant never should have put him in proximity with inmate Dobies, and "I feel they put my life in danger". (Doc. 11 at 1.)

Plaintiff has failed to offer any explanation for why his request for an immediate transfer due to imminent danger of serious physical harm is not now moot, given that he has already been transferred. He has also not responded to the Court's requirement that he show cause why his claim for being endangered by incarceration in the same institution as inmate Dobies is not now moot after his transfer to LCI.

Accordingly, pursuant to the Court's Order of April 9, 2012 and 28 U.S.C.

§1915A(b)(1), I **RECOMMEND** that Plaintiff's motion for a temporary restraining order be **DENIED** and that this action be **DISMISSED** as **MOOT**. Defendant need not move or plead in response to the complaint in this action unless and until otherwise ordered.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the party thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge